IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:10-HC-2160-FL

OSCAR ANDREWS,                     )
                                   )
            Petitioner,            )
                                   )
      v.                           )          ORDER
                                   )
UNITED STATES OF AMERICA,          )
                                   )
            Respondent.            )

Petitioner, a federal inmate, filed a petition for writ of habeas corpus pursuant to 28 U.S.C.

§ 2241. On October 14, 2010, the court dismissed this action without prejudice because petitioner

failed to respond to Magistrate Judge William Webb's July 22, 2010 order directing him to pay the

five dollar ($5.00) filing fee or file an application to proceed without the prepayment of fees. The

matter is before the court on petitioner's motion for reinstatement of this action (DE # 6). The matter

is ripe for adjudication.

Petitioner's motion requests that the court reconsider its dismissal of his action. Accordingly,

the court treats petitioner's motion as a motion under Rule 59(e). Rule 59(e) permits a court to alter

or amend a judgment. See Fed. R. Civ. P. 59(e). The decision whether to alter or amend a judgment

pursuant to Rule 59(e) is within the discretion of the district court, but the Fourth Circuit has

recognized only three reasons for granting a motion to alter or amend a judgment under Rule 59(e):

(1) to accommodate an intervening change in controlling law; (2) to account for the availability of

new evidence not previously available; or (3) to correct a clear error of law or prevent manifest

injustice. See Sloan v. CSX Transp. Inc., 616 F.3d 380, 385 n.2 (4th Cir. 2010); Zinkand v. Brown, 478 F.3d 634, 637 (4th Cir. 2007).

Here, petitioner's case was dismissed on October 14, 2010 because he failed to respond to Magistrate Judge William Webb's order regarding his filing fee. Petitioner argues that the court's dismissal of this case resulted in manifest injustice because there was a misunderstanding at the prison where he was incarcerated and it failed to timely process his request for payment of the filing fee. Petitioner now has paid the five dollar ($5.00) filing fee. In these circumstances, the court finds that petitioner has established excusable neglect and that the failure to re-open his action would result in manifest injustice. Based upon these findings, petitioner's Rule 59(e) motion is ALLOWED.

Having reinstated this action, the court finds it appropriate to conduct an initial review of petitioner's petition pursuant to 28 U.S.C. § 2243. It does not clearly appear from the face of the petition that the petitioner is not entitled to relief. Thus, the matter is allowed to proceed.

In sum, petitioner's motion for reinstatement (DE # 6) is GRANTED and the court ALLOWS this action to proceed under § 2243. The Clerk of Court is DIRECTED to re-open this action and maintain management of the matter.

SO ORDERED, this the 27 day of December, 2010.


LOUISE W. FLANAGAN
Chief United States District Judge

2