IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:10-HC-2160-FL

| | |
|---|---|
| OSCAR ANDREWS, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. ) | ORDER |

This matter is before the court on respondent's motion to dismiss (DE # 9), which has been fully briefed.[1] The issues raised are ripe for adjudication. For the following reasons, the court grants respondent's motion to dismiss.

## STATEMENT OF THE CASE

A jury found petitioner guilty of five counts of violating 21 U.S.C. §§ 841, 846, and 848 in a United States District Court located in Alabama. On June 6, 1995, petitioner was sentenced to life imprisonment. Petitioner subsequently filed a notice of appeal, and the Eleventh Circuit Court of Appeals affirmed both his conviction and his sentence. On February 22, 1999, the United States Supreme Court denied petitioner's request for a writ of certiorari.

On February 22, 1999, petitioner filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Petitioner's § 2255 motion was denied on July 9, 2003. Both the district court and the Eleventh Circuit Court of Appeals denied a certificate of appealability.

---

[1] Also before the court is petitioner's motion requesting that the court excuse his untimely response to that motion (DE # 13). For good cause shown, the motion is allowed and the court will consider petitioner's response.

On July 20, 2010, petitioner filed this action pursuant to 28 U.S.C. § 2241, alleging that his present federal conviction is illegal pursuant to the Supreme Court's rulings in Apprendi v. New Jersey, 530 U.S. 466 (2000) and Richardson v. United States, 526 U.S. 813 (1999). On January 18, 2011, respondent filed a motion to dismiss, arguing that plaintiff's claims should have been brought pursuant to 28 U.S.C. § 2255, rather than § 2241. Petitioner filed an untimely response to respondent's motion to dismiss, which the court has nevertheless considered.

## DISCUSSION

A. Standard of Review

A motion to dismiss a habeas petition under Rule 12(b)(6) "tests the legal sufficiency of the petition, requiring the federal habeas court to assume all facts pleaded by the . . . petitioner to be true." Walker v. Kelly, 589 F.3d 127, 139 (4th Cir. 2009) (involving § 2254 petition) (internal quotation marks omitted). A claim is stated if the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. ----, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted).

B. Analysis

Although petitioner filed this claim under 28 U.S.C. § 2241, he is in fact attacking the legality, rather than the execution, of his conviction and sentence. The legality of one's conviction

2

and sentence must be challenged under 28 U.S.C. § 2255 unless "the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255; see In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997) (en banc).

In In re Jones, 226 F.3d 328 (4th Cir. 2000), the Fourth Circuit examined the prerequisites for finding that § 2255 is an inadequate or ineffective remedy. The court held that

> § 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

Id. at 333-34.

Petitioner cannot satisfy the Jones test because the Supreme Court decided Apprendi and Richardson before petitioner's first § 2255 petition was decided, and petitioner had the opportunity to pursue these claims in his first § 2255 petition.[2] See Rice v. Rivera, 617 F.3d 802, 807 (4th Cir. 2010) ("[A] federal prisoner is entitled to pursue a § 2241 motion only when he had no opportunity to utilize a § 2255 motion to take advantage of a change in the applicable law."). Moreover, petitioner further is unable to establish the Jones test for his Apprendi claim because the substantive law has not changed such that petitioner's conduct no longer is criminal. Because petitioner has not satisfied the criteria set forth in Jones for demonstrating that § 2255 is an "inadequate or ineffective remedy," he must proceed with his claim pursuant to § 2255.

---

[2] Petitioner admits in his petition that he raised the Richardson issue in his first section 2255 petition, and that the alleged Richardson error was found to be harmless.

3

The court cannot convert this § 2241 petition into a § 2255 petition because petitioner previously has filed such a habeas action. A second or successive § 2255 petition may not be brought prior to the United States Court of Appeals for the Fourth Circuit certifying that the new petition contains either newly discovered evidence or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255; see United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003). Petitioner has not shown either of these factors, see, e.g., United States v. Sanders, 247 F.3d 139, 151 (4th Cir. 2001) (Apprendi is not retroactive to cases on collateral review), and has not received Fourth Circuit certification. Accordingly, petitioner has failed to satisfy the § 2255 gatekeeping provision.

Petitioner may not proceed with this claim pursuant to 28 U.S.C. § 2241, nor may this court convert the petition into one arising under § 2255. Consequentially, respondent's motion is GRANTED and this action is DISMISSED.

## CONCLUSION

For the foregoing reasons, petitioner's motion requesting that the court excuse his untimely response (DE # 13) is GRANTED. Respondent's motion to dismiss (DE # 9) also is GRANTED, and the action is DISMISSED. The Clerk of Court is directed to close this case.

SO ORDERED, this the 3rd day of June, 2011.

_____
LOUISE W. FLANAGAN
Chief United States District Judge

4